**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TAMMY L. SMITH                                                                    PLAINTIFF

V.                                    NO. 4:17CV00837 BRW/PSH

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

I. **Introduction**:

Plaintiff, Tammy L. Smith, applied for supplemental security income April 18, 2014, alleging a disability onset date of January 1, 2003. (Tr. at 34). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Smith's claim. (Tr. at 48). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Smith has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

II. **The Commissioner's Decision**:

The ALJ found that Ms. Smith had not engaged in substantial gainful activity since the application date of April 18, 2014. (Tr. at 36). At Step Two of the sequential five-step analysis,

the ALJ found that Ms. Smith had the following severe impairments: dysfunction of major joints, anxiety disorders, affective disorders, and carpal tunnel syndrome. *Id.*

The ALJ found that Ms. Smith's impairment did not meet or equal a listed impairment. *Id.* Before proceeding to Step Four, the ALJ determined that Ms. Smith had the residual functional capacity ("RFC") to perform work at the sedentary level, with some limitations. (Tr. at 38). She could occasionally lift and carry with her bilateral upper extremities, and she could frequently handle and finger bilaterally. *Id.* She could occasionally climb ladders, ropes, and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. *Id.* She is able to perform work with simple, repetitive tasks that are learned by rote. *Id.* She can have only incidental contact with the public, co-workers, and supervisors. *Id.*

The ALJ next found that Ms. Smith had no past relevant work. (Tr. at 47). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Smith's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as document preparer, addresser, and inspector/sorter. *Id.* Therefore, the ALJ found that Ms. Smith was not disabled. *Id.*

## III.  Discussion:

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing

analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.   Ms. Smith's Arguments on Appeal

Ms. Smith contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the RFC failed to incorporate all of her limitations, and that the hypothetical posed by the ALJ was not supported by the medical evidence. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

The RFC in this case included some postural limitations: frequent fingering and handling and occasional balancing, stooping, kneeling, crouching, crawling, and climbing. (Tr. at 38). Ms. Smith argues that she was more limited than that.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a

work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

As for the handling and fingering, Ms. Smith claims that carpal tunnel syndrome prevents frequent handling and fingering. There is little evidence of treatment for carpal tunnel syndrome. On July 31, 2014, she complained of paresthesia in her hands and decreased grip strength. (Tr. at 472). She showed a positive Tinel's sign. *Id*. She did not wish to pursue treatment. (Tr. at 473). Ms. Smith testified that she wore braces on her hands, and often dropped things. (Tr. at 82). Ms. Smith did not require surgical intervention and pursued no more than conservative medication management. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Moreover, she said she could do things like prepare meals, shop for groceries, and perform self-care. (Tr. at 225-228, 253-255). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Ms. Smith points to a medical source statement filled out by Dr. James Justice, M.D., which said she could perform fine manipulations and grasp, turn, and twist objects less than 5% of the time. (Tr. at 468). However, Dr. Justice merely checked boxes on the short form, instead of incorporating evidence of medical testing or clinical examinations. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Moreover, while Dr. Justice said that he treated Ms. Smith since 2005, there are simply not many medical records to support that statement.[1] The ALJ properly gave Dr. Justice's opinion little weight, and dismissed the

---

[1] It should be noted that about 250 pages of the 400 page medical record cover a time well before the relevant time-

limitation to handling and fingering less than 5% of the day. (Tr. at 44). The RFC fully accounted

for any limitations from carpal tunnel syndrome.

Ms. Smith cites to "intractable knee symptoms" for her argument that she could not

occasionally climb ladders, ropes, or stairs, or stoop, balance, kneel, crouch or crawl. (Pl. Br. at

9). She did in fact have degenerative joint disease of the knees, and had a partial patellectomy and

ACL reconstruction. (Tr. at 40, 349). But she had negative straight-leg raise on January 24, 2014.

(Tr. at 348-349). Ms. Smith reported mild improvement after two steroidal injections in the knee,

and had full range of motion in April 2014. (Tr. at 346). However, her doctor performed a

arthroscopy of her knee on May 2, 2014. (Tr. at 394-395). She said her knee was better the

following month, and her doctor recommended physical therapy. (Tr. at 460). Improvement in

strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner*

*v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). A physician's recommendation to exercise suggests

that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th

Cir. 2009). And Ms. Smith said she could care for her daughter, feed her dog, shop for groceries,

and do light housework with some breaks: this does not indicate that she is as limited as she

contends. While she complained of pain that required her to take two to three naps a day, functional

limitations must have a basis in the medical evidence and are not established based solely on a

claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d

926, 930 (8th Cir. 2004).

While Dr. Justice included extreme postural limitations in his medical source statement,

the ALJ properly discredited them for the same reasons as outlined above (checkbox form, lack of

---

period.

supporting medical evidence, reliance upon subjective complaints). And two state-agency medical consultants found that Ms. Smith could perform the occasional postural requirements set forth in the RFC. The limitations included in the RFC incorporated the effects of Ms. Smith's impairments.

Finally, the ALJ posed a hypothetical reflective of the RFC to the VE, so the VE testimony was properly relied upon. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). A hypothetical question is properly formulated if it captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).

## VI.  **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Smith was not disabled. The ALJ's RFC properly incorporated all of Ms. Smith's limitations. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 6th day of September, 2018.

 

_____
UNITED STATES MAGISTRATE JUDGE